1

**Salil Dudani**

2

California State Bar No. 330244

**FEDERAL DEFENDERS OF SAN DIEGO, INC.**

3

225 Broadway, Suite 900

San Diego, California 92101-5030

4

Telephone: (619) 234-8467

Facsimile: (619) 687-2666

5

6

Attorneys for Petitioner

7

8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10

11

Valentino Ricardo Price                    ,

CASE NO.: **'20 CV 2489 LAB**

12

Petitioner,

13

v.

PETITIONER'S APPLICATION FOR A WRIT OF HABEAS CORPUS AD PROSEQUENDUM

14

William Pelham Barr, Attorney

15

General of the United States; Donald

16

W. Washington, Director, United

States Marshals Service; Chad Wolf,

17

Putative Acting  Secretary of the

18

Department of Homeland Security;

and Steven C. Stafford, United States

19

Marshal for the Southern District of

20

California,

21

Defendant.

22

**I.   INTRODUCTION**

23

Petitioner was taken into custody by the Attorney General of the United

24

States, the Director of the United States Marshals Service, and their employees

25

(hereinafter "Respondents") on 12/21/2020 at 11:00 p.m.     and was not presented for

26

initial appearance as required by Fed. R. Crim. P. 5(a)(1)(A).  Petitioner, by and

27

through provisional counsel, Federal Defenders of San Diego, Inc., requests that

28

the Court issue a Writ of Habeas Corpus Ad Prosequendum to Respondents who have custody over the Petitioner and require that the Petitioner be presented to a United States magistrate judge immediately for arraignment.

The Petitioner submits that there is good reason to believe that the Petitioner is currently being detained in violation of Fed. R. Crim. P. 5(a)(1)(A).  Petitioner respectfully petitions this Court for a writ of habeas corpus ad prosequendum to remedy the unlawful detention.

## II.    JURISDICTION

This Court has jurisdiction under Local Civil Rule 72.1(h)(5), 28 U.S.C. §§ 1331, 2241, and U.S. Const. art. I., § 9, cl. 2, because the Petitioner's presence is needed for court proceedings and the continued detention without presentment violates the Constitution and the laws of the United States. Fed. R. Crim. P. 5(a)(1)(A) ("[a] person making an arrest within the United States must take the defendant without unnecessary delay before a magistrate judge . . ."); *Corley v. United* States, 556 U.S. 303, 129 S.Ct. 1558, 1570 (2009) (Rule 5 is "one of the most important" protections "against unlawful arrest.").

## III.   THE GOVERNMENT FAILED TO TIMELY PRESENT THE DEFENDANT UNDER FED. R. CRIM. P. 5

### A.    Rule 5 Requires Presentment Without Unnecessary Delay

Federal Rule of Criminal Procedure 5(a)(1)(A) requires that "[a] person making an arrest within the United States must take the defendant without unnecessary delay before a Magistrate Judge . . . ."  Presentment before a judge is a critical proceeding in a criminal matter because the defendant is advised of his rights as well as the charges against him.  The Supreme Court in *Corley v. United States* reasoned that:

> Today presentment is the point at which the judge is required to take several key steps to foreclose Government overreaching: informing the defendant of the charges against him, his right to remain silent, his right to counsel, the availability of bail, and any right to a preliminary

1    hearing; giving the defendant a chance to consult with counsel; and
2    deciding between detention or release.

3  556 U.S. 303, 320 (2009).

4         In this district, defendants are first transported to a jail and then brought
5  before a magistrate judge.  General Order 605 requires that the government "shall
6  insure that every detainee being brought before the Court has been screened for an
7  determined not to have transmittable tuberculosis." *See* Exhibit B.  The order
8  continues by saying that "[s]uch screening shall be completed expeditiously and to
9  avoid unnecessary delay in the detainee's appearance before the Court as required
10  by Federal Rule of Criminal Procedure 5." *Id.*

11       **A.    Petitioner's Case Is Controlled By *United States v. Pimental***

12        The Ninth Circuit in *United States v. Pimental*, 755 F.3d 1095 (9th Cir. 2014)
13  addressed what reasons can permit delay under Rule 5.  Mr. Pimental was arrested
14  at 10:00 a.m. on a Friday at the San Ysidro Port of Entry. *Id*. at 1097.  Mr. Pimental
15  was not presented until the following Tuesday (Monday was a court holiday) and
16  the issue was whether he should have been presented on Friday, the same day of
17  his arrest.  "We have identified three categories of reasonable delays apart from
18  transportation, distance, and the availability of a magistrate: (1) delays for
19  humanitarian reasons; (2) delays due to the unavailability of government personnel
20  [and judges] necessary to completing the arraignment process; and (3) delays
21  necessary to determine whether a suspect should be criminally charged." *Id*. at
22  1101 (internal citations and quotations omitted).

23        The court in *Pimental* held that the government's failure to present Mr.
24  Pimental to a magistrate on the day of his arrest violated Rule 5 because none of
25  the three permissible reasons were present. *Id*. at 1103 (reasoning that "the failure
26  to present Torres Pimental to the magistrate judge on [the day of arrest] was still
27  unreasonable because there was ample time between 10:00 a.m. and the conclusion
28  of the magistrate judge's calendar to conduct the interviews, prepare a complaint,

1  and transport Torres Pimental to the courthouse seventeen miles away.").

2  **B.    Jail Booking Procedure And X-Ray Screening Delays Are _Not_**
3  **Valid Reasons For Delay Under Rule 5**

4  Jail booking delays or x-ray screening delays are not valid reasons under

5  Rule 5 despite what the government may argue because the District Court cannot

6  pass a General Order that overturns the Ninth Circuit's decision in *Pimental*.  The

7  Court must read General Order 605 in a way that does not conflict with *Pimental*.

8  General Order 605 requires testing for tuberculosis be done in a way *that does not*

9  *cause unreasonable delay under Rule 5*.  No exception for booking windows, or

10  jail procedure generally, exists in Rule 5 under the Ninth Circuit's interpretation of

11  what constitutions necessary delay.

12  Consistent with this reading, Judge Moskowitz ruled in *Alvarado-Perez v.*

13  *Lynch*, 15CV2242 (S.D. Cal. 2015) and *Alvarado-Perez v. Lynch*, 15CV2243 (S.D.

14  Cal. 2015) that it was error to continue arraignment due to the MCC booking

15  procedure.  *See* Transcript of Record, 15CV2243, Dk. No. 7.  The Alvarado-Perez

16  brothers were arrested at 8:00 or 9:00 p.m. and not presented the following day due

17  to the x-ray at the MCC not being read timely.  A writ for immediate presentment

18  was filed, denied by the magistrate judge, and an appeal was filed.   Judge

19  Moskowitz heard the appeal after 5:00 p.m. and ruled that it was error that they

20  were not presented the day after arrest.  "Well, if the person was arrested last night,

21  they should be brought to the MCC booking window in the morning and presented

22  before the magistrate judge in the afternoon.  And you can get a copy of this

23  transcript.  If the magistrate judge thought otherwise, he's frankly in error."  *See id*.

24  at 4:12-16.

25  The most recent and comprehensive order on Rule 5 delay is in *United States*

26  *v. Crystal Lauina, et al*, 15CR1932-BTM, Dk. No. 81.  Judge Moskowitz addressed

27  the intersection of *Pimental* and General Order 605 and ruled that the MCC booking

28  window _cannot_ be the impediment for timely presentment.  The government is

1    required to establish a procedure to comply with General Order 605 while at the
2    same time not causing unnecessary delay.

3    **IV.    <u>REQUESTED RELIEF</u>**

4          The government failed to present the petitioner timely and the Court should
5    grant the writ and order immediate presentment.  The Court should not grant the
6    writ and stay presentment because it does not remedy the harm suffered by the
7    petitioner.  Staying presentment of the writ fails to remedy the harm because the
8    petitioner is not presented in court, advised of the charges, appointed an attorney,
9    and given the right to seek bond.

10

11                         Respectfully submitted,

12

13   Dated: 12/22/2020               s/ Salil Dudani
14                                   Federal Defenders of San Diego, Inc.
15                                   Attorneys for Petitioner

16

17

18

19

20

21

22

23

24

25

26

27

28